**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                   **Case Nos.:   3:08cr47/MCR/CJK**
                                                        **3:13cv327/MCR/CJK**

**CRAIG LOWELL HARRIS**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 189). The Government has moved to dismiss this motion as untimely (doc. 192), and Defendant has responded in opposition to the Government's motion (doc. 194). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the Government's motion to dismiss should be granted and the motion to vacate should be denied and dismissed as untimely.

BACKGROUND AND ANALYSIS

Defendant pleaded guilty to Counts One and Five of a five count indictment on July 2, 2008 (docs. 54–56). He subsequently moved to withdraw his guilty plea,

and after a two-part hearing, the court denied Defendant's motion to withdraw his plea and granted the Government's motion to dismiss Count Five of the Indictment (docs. 104, 113, 121, 122, 123). The court sentenced Defendant on September 14, 2009 to a term of 168 months imprisonment on the remaining conspiracy charge (doc. 134). Defendant appealed, challenging the district court's denial of his request to withdraw his guilty plea (doc. 168). The Eleventh Circuit found no error and affirmed on August 30, 2010. The mandate issued on September 28, 2010 (*id.*).

In November of 2011, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Under 18 U.S.C. § 3582 (doc. 172). The motion was denied after response by the Government (docs. 173–175). Defendant appealed the denial of his motion, and the district court's order was affirmed on February 8, 2013 (docs. 184, 185).

Defendant's original motion to vacate was filed pursuant to the prison mailbox rule[1] on May 16, 2013 (doc. 186 at 19). Defendant was required to file an amended motion on the proper court form, and after he complied, the court ordered the Government to respond (docs. 187, 189, 190). The Government did so by moving to dismiss Defendant's motion as untimely.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[1]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's conviction on August 30, 2010 (doc. 168). Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which the time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[2] Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011). Because Defendant's judgment of conviction became final on November 28, 2010 (or actually on November 29, 2010 as November 28 was a Sunday), to have been timely filed, he had to file his § 2255 motion no later than November 28, 2011. As noted above, he did not file his motion until May 16, 2013 (doc. 186 at 19).

Defendant's filing of the unsuccessful § 3582 motion has no bearing on the calculation of when his conviction became final. A sentencing adjustment undertaken pursuant to § 3582(c)(2) does not constitute a de novo re-sentencing. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Title 18 U.S.C. § 3582(b) provides that

---

[2] The issuance of the mandate has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

notwithstanding the fact that a sentence may be subject to modification under § 3582(c)(2), a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes. *See, e.g.,* <u>Johnson v. United States</u>, Case Nos. CV409-190, CR406-390, 2010 WL 724096, at *1 (S.D. Ga. Mar. 2, 2010) (citing cases). Thus, a request for a sentence modification, regardless of whether it was granted or denied, does not restart the § 2255(f)(1) limitations period. *See* <u>Murphy v. United States</u>, 634 F.3d 1303 (11th Cir. 2011) (concluding that a Rule 35 reduction does not restart the clock for § 2255 claims)(citing <u>United States v. Sanders</u>, 247 F.3d 139, 143 n.2 (4th Cir. 2001)("It is beyond dispute that under § 3582, Rule 35 sentence modifications do not affect the finality of convictions for § 2255 purposes."); <u>Reichert v. United States</u>, 101 F. App'x 13, 14 (6th Cir. 2004) ("Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion.")). In any event, even if Defendant's filing of the § 3582 motion and the subsequent appeal thereof restarted the clock, his § 2255 motion would still be untimely.

Defendant claims that the instant motion is timely for two reasons (doc. 189 at 3). First, he asserts that it was filed within one year of the Supreme Court's decision in <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012). The <u>Frye</u> decision did not announce a new rule of constitutional law made retroactive to cases on collateral review. *See e.g.*, <u>United States v. Lake</u>, No. 1:02cr45-MP-GRJ, 2013 WL 3991916, at *3 (N.D. Fla. Aug. 2, 2013) (citing <u>United States v. Light</u>, No. 8:13–cv–680–T–24–EAJ, 2013 WL 3199602 (M.D.Fla. June 21, 2013); <u>Holle v. Sec'y, Dep't of Corr.</u>, No. 3:11–cv–436–LAC–EMT, 2012 WL 2885527 (N.D.Fla. June 27, 2012)); <u>United</u>

States v. Gamboa-Victoria, Case No. 8:06-CR-465-T-24 EAC, 2012 WL 2829676 (M.D. Fla. Jul. 10, 2012); Ross v. United States, Case No. 5:12-cv-124-RLV, 5:94-CR-5-RLV-1, 2013 WL 5327522 (W.D. N.C. Sept. 20, 2013); Cf. Gallagher v. United States, 711 F.3d 315, 315–316 (2d Cir. 2013) (holding, in the context of a second or successive petition, that Frye did not announce a new rule of constitutional law); In re King, 697 F.3d 1189, 1189 (5th Cir.2012) (per curiam) (same); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (same); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) (same); United States v. Lawton, 506 F. App'x 722, 726 (10th Cir.2012) (same). Because Frye did not restart the clock, it does not excuse Defendant's untimely filing of his § 2255 motion.

Defendant also contends that his motion was timely because it was filed within "one year of the time the Government has prevented them [sic] motion from being filed" (doc. 189 at 3). The "Government impediment" to which he refers is identified in his memorandum as the Government's alleged threat to arrest and charge Darlene Freeman if she appeared as a witness and testified in Defendant's behalf at sentencing (see doc. 189 at 9; doc. 194 at 2). Defendant maintains that this same threat also prevented Ms. Freeman from providing a sworn statement in his behalf until recently. In Defendant's affidavit he states that "[i]t is only within the past several months that I have been able to convince her to help me in spite of these threats" (doc. 189 at 22). This situation clearly does not fall within the purview of 28 U.S.C. § 2255(f)(2). A witness' concern about being prosecuted for his or her own wrongdoing is not an "impediment" fairly attributed to the Government. Furthermore, Defendant could have timely filed his § 2255 motion with or without Ms. Freeman's statement.

Thus, unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). It only applies in "truly extraordinary circumstances." <u>Johnson</u>, 340 F.3d at 1226 (citing <u>Jones</u>, 304 F.3d at 1039–40; <u>Drew</u>, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. <u>Johnson</u>, 340 F.3d at 1226, <u>Jones</u>, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. <u>United States v. Cicero</u>, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing <u>Coleman v. Johnson</u>, 184 F.3d 398, 402–03 (5th Cir. 1999)).

Defendant clearly recognizes the facial untimeliness of his motion, as he devotes several pages of even his initial memorandum to the issue of equitable tolling (doc. 189 at 7–10). Defendant claims, for instance, that his own attorney told Darlene Freeman not to show up for the hearing because she could face charges as a result of her own involvement. This situation was known to Defendant at the time of his sentencing in 2009 (*see id*. at 22–24). The "additional considerations" mentioned in his response to the motion to dismiss, primarily sentencing disparity but also alleged

retaliation for Defendant's cooperation, were also known to him well before he filed the instant motion. Finally, Defendant asserts "actual innocence" and cites to <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924 (2013) in an attempt to avoid the procedural bar. This argument is inapposite, as, unlike the defendant in <u>Perkins</u> who went to trial, Defendant pleaded guilty and thus admitted his guilt in this case. In sum, Defendant has shown neither that he has been diligently pursuing his rights nor that some extraordinary circumstance stood in his way and prevented timely filing of the instant motion (doc. 189 at 7–10). Defendant's motion is untimely and it should be denied on that basis.

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The Government's motion to dismiss (doc. 192) be **GRANTED**, and the motion to vacate, set aside, or correct sentence (doc. 189) be **DENIED and DISMISSED** as untimely.

2.     A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of October, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:08cr47/MCR/CJK; 3:13cv327/MCR/CJK